### Harner's Estate.

*Lunacy—Sale of lunatic's real estate—Jurisdiction—Act of May 28, 1907.*

1. The original petition for sale of a lunatic's real estate must, under the Act of May 28, 1907, P. L. 292, be presented in the county where the committee of the lunatic was appointed. If the court of such county grants leave to sell, then the Common Pleas Court of the county where the real estate is situated may, upon petition, make the necessary order of sale.

2. In such case, the Orphans' Court of the county in which the real estate is situated has no jurisdiction to order the sale of real estate of the lunatic's estate.

Petition to sell interest of lunatic in real estate.    O. C. Schuylkill Co.

*J. E. Sones,* for petitioner.

WILHELM, P. J., May 2, 1927.—This is the application of John Timmes, committee of Joseph Harner, a lunatic, for an order authorizing him as committee of the estate of said lunatic to join with the other parties in the sale of real estate described in the petition.

It appears from the petition that John Timmes was appointed committee of Joseph Harner, lunatic, by the Court of Common Pleas of Northumberland County.

The Act of May 28, 1907, P. L. 292, gives to the Court of Common Pleas, in cases of weak-minded persons, jurisdiction to appoint a guardian for insane and feeble-minded persons, and section 6 of said act gives to the Court of Common Pleas full power over the estate of an insane or weak-minded person to decree the sale of real estate where it is to the best interests or advantage of the ward that the sale be made; and when said real estate is situated in another county and the court shall be satisfied of the propriety of the sale of real estate not within its jurisdiction, it shall be lawful for such court to make an order or decree authorizing such guardian to sell. Thereupon it shall be the duty of the Court of Common Pleas of the county wherein such real estate so designated is situated, upon petition, to make an order for the sale of said real estate as the court appointing said guardian by its said order shall designate.

It appears, therefore, under said act of assembly, that this petition should not have been presented to this court, but should have been presented to the Court of Common Pleas of this county as the act directs: Nash's Petition, 23 Dist. R. 814.

For the reasons stated above, the court declines to grant the prayer of the petition.

From M. M. Burke, Shenandoah, Pa.